IN THE UNITED STATES DISTRICT COURT OF ALASKA

| | |
|---|---|
| Thomas M. Riley<br><br>    Plaintiff<br><br>v.<br><br>United States of America<br><br>    Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

RECEIVED

JAN 3 1 2020

CLERK, U.. ... ...RICT COURT
ANCHORAGE, A.K.

3:20-CV-00024-RRB

## FEDERAL TORT CLAIMS ACT COMPLAINT

Comes now Thomas M. Riley, pro se, seeking damages in the amount of $ 4,560.99 for the tort claims of conversion and negligence.

### Jurisdiction

The FTCA, 28 U.S.C. §1346(b)(1) provides a waiver "for tort claims arising out of negligence conduct of government employees and agencies in circumstances where the United States, if a Privateperson would be liable to the claimant" under state law. Green v United States 630F. 3d 1245, 1249, (9th cir 2011).

The United States is the only proper defendant in an action brought pursuant to the FTCA. Allen v Veterans Admin., 749 F.2d 1386, 1388 (9th cir 1984) The Act "requires, as a prerequisite for federal court jurisdiction, that a claimant first provide written notification of the incident giving rise to the injury, accompanied by a claim for money damages to the federal agency responsible for the injury." Munns v Kerry 782 F.3d 402, 413 (9th cir 2015) (citing 28 U.S.C. §2675(a); 28 CF.R §14.2 (b); Johnson v United States 704 F.2d 1431, 1442 (9th cir 1983)) The plaintiff offers the court as evidence that he has properly exhausted his remedies a completed Federal Tort Claims *Act* Standard Form 95 and related papers. (Exhibit 1)

Case 3:20-cv-00024-TMB    Document 1    Filed 01/31/20    Page 1 of 5

*1.*

This Plaintiff also offers the court a letter from AUSA Bryan Schroder dated November 29th 2019 which stated that the Plaintiff could file under 28 U.S.C. 2401(b). (Exhibit 2)

As the Plaintiff has exhausted his remedies, and named the proper defendant, this Honorable District Court is the correct venue for this complaint.

### Claim One Conversion

Under Alaska law the necessary elements for conversion are "(1) that he had a possessory interest in the property; (2) that the defendant interfered with the plaintiff's right to possess the property; (3) that the defendant intended to interfere with plaintiff's possession; and (4) that the defendant's act was the legal cause of the plaintiff's loss of property." Silvers v Silvers 999 P.2d 786,793 (Alaska 2000)

(1) Mr. Riley purchased all of the property which was destroyed by the DEA and as such had possory interest.

(2) By destroying the property the DEA interfered with Mr. Riley's right to possess said property.

(3) The DEA intended to interfere with Mr. Riley's possession of said property or the DEA would have returned the property like it did the rest of Mr. Riley's property. (it should noted that is the Plaintiff's belief that his property was not destroyed but was stolen by DEA agents.)

(4) The DEA's destruction of said property was the cause of the loss of property.

Therefore, the Plaintiff seeks to be compensated for his loss.

### Claim Two Negligence

Under Alaska law "in order to establish a cause of action tor negligence, a plaintiff must show a duty of care owed to him by the defendant, a breach of that duty, and that damage wwas caused by the breach." Estate of Nickelsen ex rel. Mickelsen v North-Wind Foods, Inc., 274 P.3d 1193, 1198 (Alaska 2012) (quoting Shooshanian v Wagner, 672 P.2d 455, 464 (Alaska 1983)

1) By siezing Mr. Riley's property the duty of caring for the property seized was assumed by the DEA agents.

2) The DEA knew that Mr. Riley's pocket knives were purchased from a high end retailer (Exhibit 3), and also knew that electronics were cutting edge and expensive, it was negligent to describe such property as being of "de minimis value" and either destroying or stealing such property.

(3) The DEA's negligence in it's handling of Mr. Riley's property resulted in a total loss of the property for Mr. Riley.

It should be noted that said property was neither contraband or evidence and was not subject to forfeiture, but was seized during Mr. Riley's arrest.

Therefore the Plaintiff seeks to be compensated for his loss.

### Conclusion

For the cause clearly demonstrated, the Plaintiff prays that the court orders him compensation in the amount of;

$ 4,560.44 .

Respectfully submitted,

### Certification

I, Thomas M. Riley, Plaintiff, Pro se, certify under penalty of perjury that this FTCA complaint is brought in good faith and it is true and correct to the best of my understanding and belief. In lieu of a notary, this motion is being sent in accordande with 28 U.S.C. §1746 a self notarized motion. Please forgive any spelling errors or poor grammar and allow the petitioner a chance to correct or amend if needed. Noll v Carlson 809 F2d 1446, 1448 (9th cir 1987) Please construe liberally as in the case of Erickson v Pardus 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 90 (2007)

Signed __Thomas M. Riley__ (date) __Jan 26, 2020__

Thomas M. Riley, Plaintiff

## Certificate of Service

I, Thomas M. Riley, plaintiff certifies that this FTCA complaint was sent in the U.S. Mail with correct Postage pre-Paid to the court. This motion is being sent out via prison mail from FPC-Yankton, a federal prison located in the state of South Dakota on January ___, 2020 in accordance to Houston v Lack U.S. 108 S. Ct. 2379 (1988)

Signed _____ (dated)__ Jan 26, 2020
　　　　Thomas M. Riley, plaintiff

Thomas M. Riley (5)
24186-044
Federal Prison Camp Yankton
P.O. Box 700
Yankton, Sd 57078

first class

SIOUX FALLS SD 57104
TUE 28 JAN 2020 PM

◇ 24186-044 ◇
Clerk Of The Court
U.S. Dist. Ct. DAK, Box 4
222 W 7TH AVE
Anchorage, AK 99513-7564
United States

LEGAL MAIL